**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America ex rel. ANDRE FREEMAN, | ) ) ) | |
| Petitioner, | ) ) | No. 06 C 5002 |
| v. | ) ) | |
| DON HULICK, Warden, Menard Correctional Center, | ) ) ) | JUDGE DAVID H. COAR |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Andre Freeman ("Petitioner" or "Freeman") brings a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before this Court are Freeman's petition and the State's motion to dismiss this petition as time-barred. For the reasons stated below, the Court finds that Freeman's habeas petition is untimely. Accordingly, the State's motion to dismiss is GRANTED, and Freeman's petition is DENIED.

### BACKGROUND

After a jury trial in the Circuit Court of Cook County, Freeman was convicted of first-degree murder and armed robbery on January 10, 1995. The court merged the two counts and sentenced Freeman to 100 years' imprisonment. He is now in the custody of Don Hulick, the warden of Menard Correctional Center.

Freeman appealed his conviction, and on direct appeal, the Illinois Appellate Court, First District, affirmed Freeman's conviction and sentence on December 23, 1996. Freeman did not file a petition for leave to appeal ("PLA") this decision in the Illinois Supreme Court.

Through counsel, Freeman filed a petition for postconviction relief pursuant to 725 ILCS 5/122-1, *et seq.* on October 1, 1999. The Circuit Court of Cook County summarily dismissed this petition as frivolous and patently without merit on October 13, 1999. On February 24, 2003, Freeman filed a second petition for postconviction relief *pro se* in the Circuit Court of Cook County. The court dismissed Freeman's second petition as frivolous and patently without merit, and the Illinois Appellate Court, First District, affirmed that dismissal. Freeman filed a PLA in the Illinois Supreme Court, which was denied on December 1, 2005. *People v. Freeman*, 844 N.E.2d 42 (Ill. 2005). On May 30, 2006, the United States Supreme Court denied Freeman's petition for a writ of certiorari. *Freeman v. Illinois*, 126 S. Ct. 2321 (2006).

On January 13, 2005, Freeman filed a *pro se* motion for relief from judgment in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-1401. In this motion, Freeman argued that his sentence was void because: (1) the trial court did not base its imposition of an extended-term sentence on statutorily permissible aggravating factors, and (2) the facts warranting an extended term were neither charged in Freeman's indictment nor proven to the jury beyond a reasonable doubt. The court construed this motion as a successive postconviction petition and dismissed it as frivolous and patently without merit on March 2, 2005. On August 4, 2006, the Illinois Appellate Court, First District, vacated and remanded the trial court's order because the trial court did not properly notify Freeman that his motion was construed as a successive postconviction petition and did not inform Freeman of the consequences of that characterization. Freeman's motion was still pending on remand in the Circuit Court of Cook County at the time the State filed the instant motion to dismiss.[1]

---

[1] The Court notes that, although not relevant to either the timeliness of Freeman's habeas petition or his equitable tolling arguments, Freeman had also filed two other collateral motions in the Circuit Court of Cook County, which were pending before that court at the time that the State filed the instant motion to dismiss. On May 2, 2006, Freeman filed a state habeas petition, and on March 3, 2006, he filed a motion to vacate void judgment.

On April 31, 2006, Freeman filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] In his petition, Freeman raises the following claims:

(1) Trial counsel was ineffective for failing to investigate and develop an alibi defense;

(2) Appellate counsel was ineffective for failing to raise the following issues on direct appeal:

    a. Freeman was arrested illegally on April 5, 1993, and evidence stemming from that illegal arrest should have been suppressed;

    b. Freeman was arrested illegally on April 6, 1993, and evidence stemming from that illegal arrest should have been suppressed; and

    c. Freeman's juvenile transfer hearing was inadequate;

(3) The trial court erred when it failed to quash the April 5, 1993 arrest and suppress the evidence that stemmed from that illegal arrest;

(4) The trial court erred when it failed to quash the April 6, 1993 arrest and suppress the evidence that stemmed from that illegal arrest;

(5) Freeman was denied due process because the Illinois juvenile court failed to investigate fully each factor outlined in 705 ILCS/5-4(3)(a) and (b), inappropriately entered an order permitting Freeman's prosecution under the State's criminal laws, and he was therefore convicted by an adult criminal court that lacked jurisdiction over him;

(6) Freeman's Fifth and Sixth Amendment rights were denied because the state court failed to comply with the state Juvenile Court Act and the federal Juvenile Delinquency Act, evidence stemming from those violations should have been deemed inadmissible, and Freeman's confession should have been suppressed; and

(7) Freeman's extended-term 100-year sentence violates the Fifth and Eighth Amendments because the trial court did not cite any specific statutory aggravating factor to justify this sentence, the factors on which the court did rely were not those set out in the statute, the trial court erroneously believed that Freeman was eligible for a natural life sentence, and the aggravating factors necessary to impose an extended-term sentence were not alleged in the indictment, nor was Freeman provided written notification of the State's intent to seek an extended term.

---

[2] While Freeman's petition is file-stamped September 15, 2006, the affidavits attached to his petition were signed on August 31, 2006. The Court assumes that Freeman's petition was mailed on the same day that he signed and dated it and affords Freeman the benefit of the earlier date under the Mailbox Rule. *See e.g.*, *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (Under the Mailbox Rule, a *pro se* petitioner's habeas petition is deemed "filed" for timeliness purposes on the date that he handed it to prison officials for mailing, not on the date that the court actually received the petition.)

Freeman also filed a motion to stay these proceedings and hold his federal habeas petition in abeyance pending the completion of his state court proceedings. The Court denied this motion on January 31, 2007. (Dkt. 11.)

## DISCUSSION

### I. Timeliness of Freeman's Petition

The State moves to dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d). Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for habeas corpus relief filed by state prisoners under 28 U.S.C. § 2254. Section 2244(d)(1) specifically provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Since Freeman does not allege a state-created impediment to filing, a newly recognized constitutional right, or the discovery of a factual predicate leading to a new claim, *see* § 2244(d)(1)(B)-(D), the limitations period in his case began to run when his judgment became final by the expiration of the time for seeking direct review. *See* § 2244(d)(1)(A).

The state appellate court affirmed Freeman's conviction on direct appeal on December 23, 1996. Although Freeman then had 21 days in which to file a PLA in the Illinois Supreme

Court, he failed to do so. *See* IL. Sup. Ct. R. 315(b)(West 1996). Freeman's conviction therefore became final upon the expiration of this 21-day period, on January 13, 1997. *See* § 2254(d)(1)(A). The one-year statute of limitations began to run on that date, allowing Freeman until January 13, 1998 to file his federal habeas petition. Although the limitations period is tolled (i.e., stops running) while a properly filed postconviction petition is pending in state court, *see* § 2244(d)(2), Freeman did not his first postconviction petition until October 1, 1999, well after his federal habeas petition had to be filed. Therefore, no time was tolled under § 2244(d)(2) before the limitations period for Freeman's habeas petition expired on January 13, 1998. Freeman did not file his habeas petition until August 31, 2006, over eight years too late.

On October 17, 2006, this Court ordered Freeman to show cause why his petition should not be dismissed as untimely. Freeman responded by advancing several arguments against the dismissal of his habeas petition, all of which fail. First, Freeman argues that he is entitled to equitable tolling of the limitations period because his hired counsel "intentionally sabotaged [his] right to be heard" by defying Freeman's instruction to file a PLA in the Supreme Court, informing Freeman that he had filed a PLA even though he had not, and filing Freeman's postconviction petition two and a half years late. (Resp., Dkt. 31, 14-15.) Second, Freeman argues that a "manifest miscarriage of justice" would result if the Court did not address his claim that his trial counsel was ineffective for failing to investigate or develop an alibi defense. (*Id.* at 1-7.) As a related matter, Freeman argues that the Court's failure to consider his ineffective assistance of counsel claim amounts to a "fundamental miscarriage of justice" because of his "actual innocence." (*Id.* at 7-10.) The Court will address each argument in turn.

## II. Equitable Tolling

Under the doctrine of equitable tolling, a court may toll the statute of limitations to save an otherwise untimely petition if the petitioner can establish that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing his petition on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). As an initial matter, it is unclear whether this circuit allows equitable tolling under § 2244(d). *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) ("We have not, however, ruled whether or not equitable tolling should be available at all in a § 2254 context."). While the Seventh Circuit has suggested that equitable tolling might be applied to § 2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition," *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007), this circuit has "yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Even assuming that the doctrine of equitable tolling applies to the AEDPA limitations period, it would not apply under the facts in this case. Essentially, Freeman argues that his attorney's deficiencies caused him to file his habeas petition late in two ways: (1) if his attorney had filed a PLA, Freeman's conviction would have become final, for the purposes of triggering the AEDPA statute of limitations, at a later time; and (2) if Freeman's attorney had filed his state postconviction petition on time, the AEDPA limitations period would have been tolled under § 2244(d)(2). Freeman contends that his attorney's alleged errors were intentional, malicious, and calculating (Resp., Dkt. 31, 14-15), and therefore, the Court should apply the doctrine of equitable tolling to save his habeas petition from dismissal as untimely.

Even accepting Freeman's allegations as true, the Court is bound by Seventh Circuit precedent foreclosing the application of equitable tolling to these facts. According to the Seventh Circuit, "'attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client' and thus is not a circumstance beyond a petitioner's control that might excuse an untimely petition." *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)). In *Modrowski*, the petitioner (Modrowski) argued that equitable tolling should excuse his untimely filing because his attorney's serious personal and psychological difficulties led him to file Modrowski's habeas petition late, without a signature, filing fee, or exhibits, and with blank paragraphs where Modrowksi's constitutional arguments should have been. *Modrowski*, 322 F.3d at 966. The Seventh Circuit denied Modrowski relief and held that, for the purposes of the equitable tolling doctrine, attorney incapacity was no different from attorney negligence, which the court had already found insufficient to justify the doctrine's application. *Id.* at 967-68. Particularly relevant to this case, the Seventh Circuit in *Powell* described its prior holding in *Modrowski* as rejecting equitable tolling "where counsel directly misled a client that he filed a timely petition." *Powell*, 415 F.3d at 272 (citing *Modrowski*, 322 F.3d at 968). As rationale for its refusal to provide relief where a petitioner files a late habeas petition due to his attorney's negligent or willful misconduct, the Seventh Circuit has explained that petitioners, "whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands." *Modrowski*, 322 F.3d at 968 (quoting *Johnson v. McCaughry*, 265 F.3d 559, 566 (7th Cir. 2001)) (internal quotation marks omitted). Although, as Freeman points out, other circuits have held that "sufficiently egregious" conduct by an attorney may justify the application of equitable tolling, *see Baldayaque v. United States*, 338 F.2d 145, 152-53 (7th Cir. 2003), this

Court is bound to apply Seventh Circuit precedent that holds to the contrary. *See Powell*, 415 F.3d at 727. Under this precedent, Freeman's equitable tolling argument must fail.

## III. "Manifest Miscarriage of Justice"

Freeman next argues that the Court's failure to consider his ineffective assistance of counsel claim would result in a "manifest miscarriage of justice." This argument is inapposite. In support of his argument, Freeman cites *Wainwright v. Sykes*, which articulated the cause-and-prejudice test for determining when courts must prevent a "miscarriage of justice" by considering a claim that has been procedurally defaulted in state court. 433 U.S. 72, 90-91 (1977). Because the problem with Freeman's habeas petition is that it was filed late, not that Freeman's claims have been procedurally defaulted in state court, *Wainwright* is inapplicable. The Court therefore rejects this argument.

## IV. "Fundamental Miscarriage of Justice"

Finally, Freeman argues that the Court's failure to consider his ineffective assistance of counsel claim would constitute a "fundamental miscarriage of justice" because of his "actual innocence." Like Freeman's previous argument, this argument is inapposite. Under the "fundamental miscarriage of justice" exception, in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)) (internal quotation marks omitted); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). Similar to the cause-and-prejudice test mentioned above, the "fundamental miscarriage of justice" exception revives claims that have been procedurally defaulted, allowing courts to consider their merits. This exception, however, is "unrelated to the statutory timeliness

rules" and therefore cannot be invoked to save an untimely habeas petition from dismissal. *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2004); *see also Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) ("neither the Supreme Court nor this court has ever applied the actual innocence exception to overcome the failure to timely file under § 2244"). Because the State moves to dismiss Freeman's habeas petition as untimely whether or not his claims are procedurally barred, the "fundamental miscarriage of justice" exception is of no use to him.

### V. Certificate of Appealability

Given the above, Freeman is not entitled to a certificate of appealability ("COA"). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Habeas Corpus Cases (Eff. Dec. 1, 2009). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because, as discussed above, the law in the Seventh Circuit clearly precludes the Court from excusing Freeman's untimely filing to consider the merits of his habeas petition, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated above, the State's motion to dismiss Freeman's petition for a writ of habeas corpus is GRANTED, Freeman's habeas petition is therefore DENIED, and he is not entitled to a certificate of appealability.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** April 16, 2010